GLD-159                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1491
_____

IN RE:  DORIS HARMAN, JAMES D. HARMAN,
CITIZENS WATER COMPANY OF SPRING GLEN
Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 09-cv-02398)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 7, 2011
Before:  AMBRO, CHAGARES AND GREENBERG, Circuit Judges

(Opinion filed: April 26, 2011)
_____

OPINION
_____

PER CURIAM

Doris Harman, proceeding pro se, has filed a petition for a writ of mandamus

asking this Court to direct law enforcement agencies to enforce the law and arrest persons

who violated the federal mail fraud laws.  For the reasons that follow, we will deny the

mandamus petition.[1]

_____

[1]To the extent Harman, who is not an attorney, purports to file her petition on behalf of
the other parties named in the caption, she may not do so.  See Osei-Afriyie v. Medical College
of Pennsylvania, 937 F.2d 876, 883 (3d Cir. 1991); Simbraw, Inc. v. United States, 367 F.2d 373

Harman and her husband filed a complaint in the United States District Court for the Middle District of Pennsylvania alleging that the Hegins Hubley Authority, a public water company, and its attorney, Paul Datte, illegally disconnected the main water line between Citizens Water Company and the village of Spring Glen, Pennsylvania, requiring the Harmans to supply water from an alternate source to a property they owned. See Harman, et al. v. Datte, et al., M.D. Pa. Civ. No. 09-cv-02398, Complaint. On September 8, 2010, the District Court granted the defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Harmans appealed the District Court's order. The parties recently filed their appellate briefs and the Harmans' appeal is currently pending. See C.A. No. 10-3867.

Shortly after the Harmans filed their brief, Doris Harman filed the present petition for a writ of mandamus asking us to direct "the proper enforcement agencies to enforce the law and arrest the persons responsible for violations of Federal Mail fraud laws." Petition at 1. In her brief in support of her mandamus petition, Harman argues that the Authority and Datte broke the law and that the District Court did not take into account the defendants' illegal acts, which resulted in violations of their rights to due process. Harman also argues that the District Court failed to consider the defendants' contract violation and erred in ruling before discovery was complete.

The writ of mandamus traditionally "has been used 'to confine an inferior court to

---

(3d Cir. 1966) (per curiam). We note that Harman and her husband were previously notified in a related pending appeal in this Court that Mr. Harman could not represent Citizens Water Company because he is not an attorney. See C.A. No. 10-3867.

2

a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. (citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Harman has not made such a showing. Harman's arguments are properly raised in her appeal from the District Court's order dismissing her complaint. Her arguments do not provide a basis for mandamus relief, which is not a substitute for an appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998).

Accordingly, we will deny the petition for a writ of mandamus.